A. Wright, Special- J.,.
delivered the- opinion of th© Court.
This is an action of ejectment, brought by Willis Jones, to recover forty-eight and sixty-fbur-one-hundred- and-sixtieth acres of land in Ohio® county. There was a verdict and judgment in the Court below for the plaintiff, and a motion for a new trial being overruled, the defendant below has appealed in error, to this Court. This recovery was had upon a grant by the State of Tennessee to Willis Jones, for- the land in dispute, bearing date the 1st day of December, 1851, which was. read to the jury.
The defendant, who was proved to be in possession of the land at the institution of ..the suit,, offered no evidence of title. It appears in the record; that in the year 1821, an entry was made in the name of Marr & Bryan for two thousand five hundred acres of land, and that in the same year it was surveyed, and in the survey a hickory marked X. V., with three hickories and slippery-el’m pointers marked X. Y., was fixed as the South-east corner of the entry; and from thence the survey called to run west six hundred and forty-six poles to a large hickory and sassafras on the east boundary of Marr & Bryan’s five thousand acre survey; and that in the year 1824 the State of Tennessee granted to McLemore & Lytle eight hundred and forty-eight acres of land, and in running the eastern boundary north, the grant calls for a red oak on the *535 south boundary of Marr & Bryan’s two thousand five huridred acre entry; thence west with their line three hundred and fifty-two poles to a cotton wood, their south-west corner, and on the east boundary of said Marr & Bryan’s five thousand acre survey. There is proof in the record tending to show that though this last mentioned tract called to adjoin the former, so as to make the Northern line of the one and the south line of the other a common boundary, yet, that when actually surveyed, a strip of vacant land was left between them. ,On this assumption, the plaintifF, Willis Jones, entered and obtained the grant for the forty-eight and sixty-four-one-hundred-and-sixtieth acres above named, and which lies between these two tracts.
On the trial, the defendant’s counsel requested the Court to charge the jury, “ that if the tracts of Marr & Bryan, and the tracts of McLemore & Lytle, called to adjoin each other, there could be no vacant land between them.” This charge the Court refused to give, but charged the jury, “ that generally where two tracts called to adjoin each other, no vacant land can be between them; yet, when two tracts called to adjoin each other, were not in point of fact surveyed so as to adjoin, but that the actual surveys on the ground left a vacant strip between them, such strip would not belong to either grant, but would be subject to entry; but that it must be very clearly shown that the tracts were actually surveyed so as not to connect with each other.”
This charge is now assigned as error; but we are unable to see any error in it. There being proof on both sides as to the place where- the surveys were *536 actually made, and it having been left to the jury to ascertain if there was any vacant land between these two tracts, and they, under a charge free of error, having found there was, we are satisfied with the verdict, and affirm the judgment of the Court below..